489 A.2d 248

**ESTATE OF Harvey WOLONGAVICH, Late of the Township of East Cameron, County of Northumberland and Commonwealth of Pennsylvania, Deceased.**

**Appeal of Marie LATSHA, Executrix Cheryl Koch.**

Superior Court of Pennsylvania.

Submitted Oct. 31, 1984.

Filed March 6, 1985.

Ronald F. Brien, Spring City, for appellant.

Before MONTEMURO, BECK and HESTER, JJ.

HESTER, Judge:

This appeal challenges the propriety of a decree of the Orphan's Court of Northumberland County removing an

executrix of an estate and revoking letters testamentary granted her.

Harvey Wolongavich died testate on May 30, 1981. Surviving Wolongavich were two daughters, Marie Latsha and Dorothy Zeigenfuse and a granddaughter, Cheryl Koch.

Wolongavich's will, dated October 30, 1975, appointed Marie Latsha as executrix of the estate, devised his real estate to his granddaughter, Cheryl Koch, and bequeathed to each of his daughters "one half of the composite monies via U.S. Savings Bonds, remaining insurance monies and monies remaining in the presence of Dorothy Zeigenfuse, being held by her." Finally, the will provided that the executrix should receive the sum of $50 "for incidental expenses to carry out the provisions of this will." The will was probated and Marie Latsha was certified as executrix on June 22, 1981.

On June 10, 1982, a petition was filed by Cheryl Koch to remove the executrix for nonperformance of duties. Her petition averred, inter alia, that the executrix had failed to perform the duties required of her by law, and that she refused to proceed with the sale of the property or to distribute the real estate to the devisee, despite offers by the devisee to pay the balance of any legitimate estate expenses. Koch alleged that the executrix's mismanagement of the estate resulted in the deterioration of the real estate and consequential loss to the devisee. An answer was filed by the executrix which denied the allegations and which included a cross-petition requesting authorization for the sale of the property, payment of estate expenses, and distribution of funds.

The matter was scheduled to be heard on September 8, 1982. Following a conference with the parties' attorneys, the lower court heard oral argument on the petition and answer. On September 10, 1982, an Order of Court was entered removing Mrs. Latasha as executrix and awarding her the sum of $50.00 as executrix fees. Following the dismissal of exceptions on October 5, 1983, this appeal followed.

Appellant contends that she was improperly removed as executrix when the lower court, without benefit of hearing and solely on the pleadings, directed her removal.

■ It is beyond doubt that a personal representative can be removed from office by an Orphan's Court. The legislature set forth specific grounds upon which removal may be premised:

The court shall have exclusive power to remove a personal representative when he:

(1) is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law; or

(2) has been adjudged a lunatic, a habitual drunkard, or a weakminded person; or

(3) has become incompetent to discharge the duties of his office because of sickness or physical or mental incapacity and his incompetency is likely to continue to the injury of the estate; or

(4) has removed from the Commonwealth or has ceased to have known place of residence therein, without furnishing such security or additional security as the court shall direct; or

(5) when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office.

20 Pa.C.S.A. § 3182. The removal of a fiduciary is within the discretion of the Orphan's Court. *In re Estate of Georgiana*, 312 Pa.Super. 339, 346, 458 A.2d 989, 993 (1983). Thus, our inquiry must focus on whether an abuse of that discretion occurred. *In re Estate of Lux*, 480 Pa. 256, 389 A.2d 1053 (1978). We are of the opinion that the court committed error.

We have received guidance from our Supreme Court in reviewing decisions to remove an executrix:

The removal of a fiduciary is a drastic action which should be taken only when the estate is endangered and intervention is necessary to protect the property of the

estate. *Scientific Living, Inc. v. Hohensee,* 440 Pa. 280, 295, 270 A.2d 216, 224 (1970). Particularly drastic is the removal of the executrix chosen by the testator, since her appointment represents an expression of trust and confidence in her.

*In re Pitone's Estate,* 489 Pa. 60, 68, 413 A.2d 1012, 1016 (1980). *See also Estate of Hamill,* 487 Pa. 592, 410 A.2d 770 (1980).

In light of the above considerations, we find that the court below abused its discretion in its handling of this matter. At the hearing on September 8, 1982, the trial Judge stated for the record:

I have explained to the attorneys that there are times when the taking of testimony is an exhausting procedure that only comes to more paperwork and the kind of expressing of emotional answers as well as factual ones. It might give someone a chance to say, "Yes, I had my day in court, and I had my say in court," but when you compound it with a number of witnesses who may be called on each side, you get, as I have learned from my twenty-three years of law practice and seven years sitting up here, it gets to be like two teams of pall bearers coming, six on each side, to see what we can do and we have gone through the passing of the scene and the estate has been a matter of record, and there is now a petition filed to remove the executrix, which is a very narrow issue, and the reasons for it. So, I have asked the attorneys to summarize their positions on the record because every lawyer is an Officer of the Court, and he's a reasonable man or woman, and he can reason out what would have been a half an hour or hour of testimony and he can distill it down to ten, fifteen minutes and give us the benefit of any recommendations that he has, and then in this instance after we do that we will have about forty-eight hours, two days' time, for Attorney Tim Reisinger, my law clerk, and I, to do a little research and see how we could take a position on the removal of the executrix based on the facts and based on the record that

is in there as well, and based on the law to give you an answer, not today, but by Friday afternoon.

With that kind of a framework or outline, I hope that someone who came a long distance and wanted to get up there and really speak his peace or her peace from the witness stand, I'm sorry, but you won't get your chance because we are going to have the reasonable man, the Officers of the Court, the two attorneys, will give us the positions that if so-and-so were called, this is what we would say, and also I think Attorney Rovito has some reference to make the pleadings on the record. . . .

Although the lower court stated in its Opinion that the parties stipulated to the procedure utilized in this case, our review of the above statement reveals a strong preference by the trial judge not to elicit testimony from the witnesses present for the hearing.

A similar factual situation arose in *In re Estate of Beichner*, 432 Pa. 150, 247 A.2d 779 (1968). Therein, a petition was filed seeking the removal of an executrix due to an admitted animosity between the petitioner and the executrix. On the basis of that admission, and without benefit of a hearing, the lower court so ordered her removal. The Supreme Court held that the court below abused its discretion by failing to justify the removal of the executrix with clear proof that the interests of the estate were jeopardized by the continuance of the personal representative.

 Unfortunately, without sworn testimony, we are unable to review that which is mere allegation and that which has not been subjected to the test of an evidentiary hearing and judicial determination. *In re Estate of Georgiana, supra,* 312 Pa.Superior Ct. at 348, 458 A.2d at 994. Thus, we are constrained to remand this matter for a full hearing, at which time evidence will be adduced upon all issues raised in both the petition for appellant's removal and in appellant's cross-petition.

458

Reversed and remanded for proceedings not inconsistent with this Opinion.

Jurisdiction is relinquished.