529 A.2d 525

**In the Matter of the ESTATE OF A. LaRue VELOTT, Deceased.**

**Appeal of Larue H. VELOTT.**

Superior Court of Pennsylvania.

Argued Feb. 20, 1987.

Filed Aug. 13, 1987.

314

Robert B. Hoffman, Harrisburg, for appellant.

Peter Burchanowski, Williamsport, for appellee.

BEFORE WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

Appellant, LaRue H. Velott, appeals from the order entered in the Court of Common Pleas of Lycoming County, Orphans' Court Division, denying appellant's motion to remove co-executors and for surcharge. On appeal, appellant contends that the trial court erred in denying his motion to remove co-executors and for surcharge without a hearing pursuant to 20 Pa.C.S.A. Sec. 3183. We agree with appellant's contention. We, therefore, vacate the order denying appellant's motion to remove co-executors and for surcharge and remand the case to the trial court for a hearing

to consider appellant's motion to remove co-executors and for surcharge.

Before addressing the merits of appellant's contentions, a brief recital of the relevant facts is necessary. The decedent, A. LaRue Velott, died in March of 1979, and his will was subsequently probated with his wife, Esther Velott, and the Commonwealth Bank and Trust Company being given letters testamentary as co-executors of the estate. In August of 1981, the co-executors filed a first and partial accounting regarding the handling of decedent's estate; but exceptions to the first and partial account were subsequently filed by Suzanne Stroble, Dona Staccone, Michael S. Velott and appellant, the children of the decedent and beneficiaries under his will. In September of 1982, following protracted negotiations regarding the issues raised by the exceptions to the first and partial accounting, the co-executors and the beneficiaries of the estate joined in a stipulation resolving the different objections to the first and partial accounting and agreeing on the contents and confirmation of the supplemental first and partial accounting. The co-executors, in September of 1983, filed a second and final accounting, to which the beneficiaries again filed various exceptions.

In May of 1984, Michael S. Velott, Dona Staccone, and appellant filed a petition to set aside stipulation, which sought to have the stipulation of September 1982 set aside and to reopen various issues settled by the confirmation of the supplemental first and partial accounting. Following the filing of a motion for summary judgment by Suzanne Stroble and the executors of the estate, the trial court in April 1985 entered an order, with an accompanying opinion, granting Ms. Stroble's motion for summary judgment and denying appellant's and the other beneficiaries' petition to set aside the stipulation. Appellant then filed a motion to reconsider the order denying the petition to set aside stipulation, which the trial court summarily denied.

In July 1985, appellant also filed a motion to remove co-executors and surcharge that alleged numerous improprieties in the administration of decedent's estate. On July

30, 1985, the trial court entered the order denying appellant's motion to reconsider. The order also made the following statement regarding appellant's motion to remove:

The second motion before the Court is a motion of LaRue H. Velott to remove co-executors and for surcharge. It would appear that most of the issues raised in this motion have been fully and finally litigated at the trial level. It is not clear, however, that all of the issues have been so litigated. *Accordingly, the Court Administrator shall schedule a hearing on that motion. At the hearing, the Court will first entertain arguments on the extent to which issues raised in the motion have been fully and finally litigated. Briefs on the issue are to be submitted in advance of the hearing. To the extent that the Court finds that issues are still open, testimony will be received at such hearing.*

Trial court order of 7/30/85 (emphasis added). The trial court, however, neither scheduled nor held a hearing on appellant's motion to remove co-executors and for surcharge. Rather, on May 16, 1986, the trial court, without a hearing to remove co-executors and for surcharge, entered the following order and opinion:

Before the Court is the Motion of Larue H. Velott to Remove Co-executors and for Surcharge. After reviewing that Motion and the Briefs advanced in support of and opposition to it the Court finds that this Motion raises issues which have for the most part been fully and finally litigated by virtue of a stipulation entered into by the parties, followed by a supplemental first and partial account which was confirmed by the Court on September 20, 1982 and from which no appeal was taken; and by the entry of a Motion for Summary Judgment on a Petition for Review which Order was entered by the Court on April 15, 1985. To the extent that issues are raised which have not been fully and finally litigated, the proper method to assert arguments is through exceptions to the second and final account. Motion to Remove is DENIED.

Trial court order and opinion of 5/16/86. Appellant then filed an appeal in this Court from the trial court's order

pursuant to the collateral order doctrine.[1]  *See Estate of Georgiana,* 312 Pa.Super. 339, 343, 458 A.2d 989, 991 (1983).

On appeal, appellant contends that the trial court erred by denying the motion to remove co-executors and for surcharge without a hearing pursuant to 20 Pa.C.S.A. Sec. 3183.  We agree.  20 Pa.C.S.A. Sec. 3183, entitled "Procedure for and effect of removal," provides in pertinent part:

> *The court* on its own motion may, *and on the petition of any party in interest alleging adequate grounds for removal shall order the personal representative to appear and show cause why he should not be removed,* or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him.

(Emphasis added.)  The statute mandates that upon the petition or motion of a beneficiary or other interested party alleging adequate grounds for removal of an executor/executrix, the trial court shall have a hearing to determine whether the executor/executrix should or should not be removed from his/her position.  In addition, though not previously construing the above language of 20 Pa.C.S.A. Sec. 3183, this Court in confronting a fact pattern similar to the present case required the trial court to hold a hearing. In *Estate of Wolongovich,* 339 Pa.Super. 452, 489 A.2d 248 (1985), one of the beneficiaries of the decedent's estate filed a petition to remove the executrix for nonperformance of

1. The trial court's order is appealable under the collateral order doctrine.  In *Estate of Georgiana,* 312 Pa.Super. 339, 458 A.2d 989 (1983), this Court stated:

> *We find that an order denying a petition for removal of an executor is a final order proper for appellate review.*  We note that appellate courts in Pennsylvania have decided appeals from orders denying petitions for removal, but without addressing the jurisdictional issue.  *In Re Estate of Pitone,* 489 Pa. 60, 413 A.2d 1012 (1980); *Estate of Hamill,* 487 Pa. 592, 410 A.2d 770 (1980); *Estate of Halper,* 487 Pa. 408, 409 A.2d 415 (1980); *cf. In Re Estate of Croessant,* 482 Pa. 188, 393 A.2d 443 (1978) (citing *In Re Crawford's Estate,* 340 Pa. 187, 16 A.2d 521 (1940) (lower court *removing* trustee subject to appellate review)).  The action taken by the courts in these cases clearly indicates that the question involved is of sufficient importance to necessitate immediate appellate review. *Id.,* 312 Pa.Superior Ct. at 343, 458 A.2d at 991 (emphasis added).

duties, alleging both the executrix's failure to perform duties required by law and the executrix's mismanagement of the estate's assets. In an attempt to expedite the matter, the trial court did not hold a hearing on the petition to remove; rather, the trial court merely had counsel for each side summarize their positions regarding removal of the executrix. We, however, remanded the case for a full evidentiary hearing on the basis that the trial court abused its discretion in ordering removal of the executrix without a hearing. *Id.*, 339 Pa.Superior Ct. at 457, 489 A.2d at 250. After noting that removal of a fiduciary is within the discretion of the trial court, we stated that the following considerations lead to the conclusion that the trial court abused its discretion:

The removal of a fiduciary is a drastic action which should be taken only when the estate is endangered and intervention is necessary to protect the property of the estate. *Scientific Living, Inc. v. Hohensee,* 440 Pa. 280, 295, 270 A.2d 216, 224 (1970). Particularly drastic is the removal of the executrix chosen by the testator, since her appointment represents an expression of trust and confidence in her.

*Id.*, 339 Pa.Superior Ct. at 455, 489 A.2d at 249 (quoting In Re Pitone's Estate, 489 Pa. 60, 68, 413 A.2d 1012, 1016 (1980)). We also noted that "without sworn testimony, we are unable to review that which is mere allegation and that which has not been subjected to the test of an evidentiary hearing and judicial determination." *Id.*, 339 Pa.Superior Ct. at 457, 489 A.2d at 250.

■ In the present case, appellant's motion to remove co-executors and for surcharge did allege adequate grounds for removing the co-executors, pursuant to 20 Pa.C.S.A. Sec. 3182, entitled "Grounds for removal," and did request a hearing on the motion pursuant to 20 Pa.C.S.A. Sec. 3183. The trial court denied the motion to remove without a hearing on the basis that the grounds for removal alleged in the petition were barred by res judicata since the grounds had been previously raised and finally litigated either in the stipulation or the motion for summary judgment on the

petition to set aside stipulation. *See* trial court order and opinion of May 16, 1986. In *In re Jones & Laughlin Steel Corp.*, 328 Pa.Super. 442, 477 A.2d 527 (1984), this Court stated, "The essential inquiry (in determining whether res judicata is applicable) is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties had an opportunity to appear and assert their rights." *Id.*, 328 Pa.Superior Ct. at 450, 477 A.2d at 531. We find that the res judicata rationale enunciated in the trial court opinion was insufficient to support the trial court's denial of a motion without a hearing. Our review of the stipulation, the petition to set aside stipulation, the order and opinion granting the motion for summary judgment on the petition to set aside stipulation, and the motion to remove co-executors and for surcharge reveal that, though some similarities exist, the motion to remove co-executors and for surcharge raises specific factual issues regarding the co-executors' conduct in managing the estate that were not found in the earlier documents.[2] Appellant, therefore, alleged adequate grounds to have the co-executors removed, and the trial court erred in failing to hold a hearing pursuant to 20 Pa.C.S.A. Sec. 3183 to consider the

2.  The following factual issues were raised for the first time in appellant's motion to remove co-executors and for surcharge:

    The executors fail to take necessary and appropriate actions to investigate improprieties in the administration of the estate. (Motion to Remove Co-executors and for Surcharge at Paragraphs 1, 3, and 9);

    The executors have failed to oppose, as debts of the estate, monies expended by the co-executor in connection with the decision whether to elect against the will, (*Id.* at Paragraph 4);

    The executors failed to take reasonable action to sell numerous properties resulting in diminished values at the time of sale, (*Id.* at Paragraph 6);

    The executors sold several properties to beneficiaries at prices significantly less than prices in the estate inventory, (*Id.* at Paragraph 7);

    The executors failed to file timely inventories and accounting of the estate transactions, (*Id.* at Paragraph 8);

    The executors have incurred unnecessary and unreasonable attorneys fees and administrative expenses, and failed to oppose as unreasonable and unnecessary certain attorneys fees which have been submitted and are now pending, (*Id.* at Paragraph 12); and

motion. We, consequently, remand the matter for a hearing in which the trial court must consider the allegations raised in appellant's motion.[3]

The order of the trial court denying appellant's motion to remove co-executors and for surcharge is vacated and the matter remanded for a hearing pursuant to 20 Pa.C.S.A. Sec. 3183. Jurisdiction is relinquished.

The executors refused to grant appellant access to estate and attorney's records, but instead required him to obtain a court order, (*Id.* at Paragraph 13).

3. Nothing in this opinion should be construed to mean that the trial court may not consider some of the allegations raised in appellant's motion as being barred by res judicata if the trial court finds they were finally litigated in an earlier proceeding. Those allegations, however, raised for the first time in appellant's motion to remove co-executors and for surcharge must be considered in the hearing by the trial court to determine whether the allegations warrant removal of the co-executors.