J. A09013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  ESTATE OF JOHN H. NORRIS,   :   IN THE SUPERIOR COURT OF
JOHN H. NORRIS LIFE INSURANCE      :      PENNSYLVANIA
TRUST AGREEMENT                    :
                                   :
APPEAL OF:  PEOPLESBANK,           :        No. 1117 MDA 2015
A CODORUS VALLEY COMPANY,          :
TRUSTEE                            :

Appeal from the Order Entered May 27, 2015,
in the Court of Common Pleas of York County
Orphans' Court Division at No. 67-08-1482


IN RE:  ESTATE OF JOHN H. NORRIS,   :   IN THE SUPERIOR COURT OF
JOHN H. NORRIS LIFE INSURANCE      :      PENNSYLVANIA
TRUST AGREEMENT                    :
                                   :        No. 1178 MDA 2015
APPEAL OF:                         :
YVONNE RENEE PLOURDE GURZELL       :

Appeal from the Order Entered May 27, 2015,
in the Court of Common Pleas of York County
Orphans' Court Division at No. 6708-1482


BEFORE:  FORD ELLIOTT, P.J.E., JENKINS AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 20, 2016**

PeoplesBank, a Cordorus Valley Company ("the Bank"), appeals from

the order entered May 27, 2015, removing it as co-trustee of the John H.

Norris ***inter vivos*** life insurance trust ("the Trust").  Yvonne Rene Plourde

Gurzell ("Gurzell") has cross-appealed from the same order.  After careful

---

* Retired Senior Judge assigned to the Superior Court.

review, we vacate the order, reinstate the Bank as co-trustee, and remand

for further proceedings.

The trial court has aptly summarized the history of this case, in

relevant part, as follows:

> John H. Norris ("Decedent") executed a Last Will and Testament on February 8, 2005. Decedent died on September 28, 2008. The York County Register of Wills issued Letters Testamentary on October 9, 2008 to Anna L. Norris, Decedent's wife. The will named Anna L. Norris as executrix of the estate and as individual trustee of [the Trust]. American Guaranty & Trust Company was named corporate trustee from the Deed of Trust signed February 21, 2000 and amended May 17, 2000. American Guaranty & Trust Company has since been purchased by Royal Bank of Canada Trust Company ("RBC"). RBC resigned as corporate trustee on December 29, 2008 having never received or administered any trust assets. [The Bank] accepted the successor trusteeship on December 20, 2012. [The Bank] received trust assets from Mrs. Norris and began service on December 21, 2012.
>
> Decedent was survived by his wife, children from his first marriage and step-children. Mary Florence Norris Michel, Patricia Jane Norris Slaughter and John C. Norris are Decedent's children from his first marriage. [Gurzell], Samantha R. Plourde and Jeffery James Plourde are Decedent's step-children. In his will, Decedent left his personal and household effects, including automobiles, and insurance on that property to his wife, Anna Norris. Decedent gives the residue of the estate, real and personal to the trustee or trustees under the Deed of Trust signed February 21, 2000, as amended May 17, 2000 under which American Guaranty & Trust Company, is named as the trustee, in trust, to treat it as an addition to the principal subject to that deed as it exists at Decedent's death. The will names Anna Norris as executrix with [] Gurzell as

> replacement executor [sic] should Anna Norris not qualify for any reason. The will does not name any other beneficiaries aside from Anna Norris.

Trial court opinion, 10/28/15 at 1-2.

> Under [Paragraph XXIII(C) of the Deed of Trust], it is mentioned that the individual trustee is authorized at any time, and from time to time by an instrument in writing delivered to the other trustee serving, to remove the corporate trustee without stating any reason for such action, provided he or she simultaneously by written instrument appoints another corporate trustee in its place. Under D, no successor trustee shall be obliged to examine the accounts, records or acts of a previous trustee, nor shall any such trustee in any way or manner be responsible for any act or omission to act on the part of any such previous trustee or such individual trustee. Any claim or action against any such trustee shall, in any event, be filed by a beneficiary in the appropriate court. Subparagraph E mentions that any individual trustee may resign at any time without court approval. Under F, the fiduciaries serving are given the power to invest the principal and/or income of the trust estate in any assets or security. Lastly, subparagraph G provides that the corporate trustee shall receive compensation in accordance with its standard schedule of fees in effect while its services are performed.

*Id.* at 3-4.

> On or about August 12, 2013, [the Bank] notified Mrs. Norris of its intent to resign as co-trustee. On August 14, 2013, [the Bank] filed a Petition for Adjudication/Statement of Proposed Distribution for [the Trust]. The case was listed for the September 11, 2013 audits with the Honorable Judge Penny L. Blackwell presiding. [The Bank] filed its accounting and gave proper notice of the audit to all interested parties. At the time of the September 11, 2013 audit no objections were filed as to [the Bank]'s accounting, save for counsel for

John C. Norris, one of Decedent's children, expressing no objections to the account itself or to [the Bank] withdrawing, but that a successor trustee should be named before [the Bank] could withdraw. [The Bank] agreed that Mrs. Norris should select a successor pursuant to the terms of the trust and that no selection has been made at the time by Mrs. Norris. [Gurzell] was also present during the audit as one of the beneficiaries but made no objections at the call of the audit or filled [sic] any written objections by the end of that business day.[1] Judge Blackwell rescheduled the matter for a subsequent hearing on October 1[6], 2013 to resolve pending matters.

At the October 16, 2013 hearing, new petitions were filed and counsel for [Gurzell] entered his appearance. Counsel requested an additional sixty days to discuss the matters pending and determine the issues that would be the subject of a hearing. The parties agreed that [the Bank] can remain involved for the time being, that its investment strategy is appropriate and that it will not be responsible for losses to the trust from the date of the close of the accounting until the date that funds are transferred.

On November 18, 2013, Mrs. Norris filed a Petition to Appoint Successor Trustee and Authorize Payment of Expenses. Counsel Trust Company located in York, Pennsylvania was identified as the

---

[1] Gurzell takes issue with the statement that no objections were raised to the Bank's Petition for Adjudication/Statement of Proposed Distribution presented for audit on September 11, 2013. According to Gurzell, she appeared in person, without counsel, and voiced her objections. (Gurzell's brief at 2; notes of testimony, 9/11/13 at 3.) The trial court found that while Gurzell did appear at the September 11, 2013 audit hearing, she did not actually voice any objection to the Trust accounting. (Trial court opinion, 10/28/13 at 21-22.) Gurzell did not file any written objections as required by local rule. (*Id.* at 22.) While counsel for Gurzell filed a petition to stay the adjudication of the Bank's accounting, no formal objections to the Trust accounting were actually filed. (*Id.* at 22.) The issue is not germane to the instant appeal.

successor trustee. On November 7, 2013, [the Bank] filed an Answer to Petition to Appoint Successor Trustee and Authorize Payment of Expenses. In its Answer, [the Bank] did not object to the appointment of Counsel Trust as its successor and indicated that any issues concerning Mrs. Norris' loans did not preclude a confirmation of its accounting.[2] On November 22, 2013, [Gurzell] filed a Motion to Stay Executrix's Petition to Appoint Successor Trustee and Authorize Payment of Expenses Pending Adjudication of Executrix's Accounting for the Norris Trust. In [her] Petition, [Gurzell] alleged that Mrs. Norris should provide documentation as to the funding of the Marital and Residual Trusts and also questions some expenses incurred by the estate.

On November 25, 2013, Judge Blackwell issued an Order directing that [the Bank]'s action to defer payments from the trust is deemed reasonable given the status of the case. In addition, it was ordered that no successor corporate guardian can occur unless all parties agree to the appointment and/or by order of court after a hearing. Another hearing for the request to stay payment was scheduled for July 9, 2014 before this Court.

At the July 9, 2014 hearing this Court indicated that Mrs. Norris had filed an inventory and directed that an estate accounting should be filed within sixty days. [The Bank] was not permitted to resign until this Court could further review the record and see if a decision could be made. [The Bank] was permitted to file[] a memorandum of law addressing the topic of due diligence when taking trust funds. The memorandum of law was filed on July 17, 2014. On July 22, 2014, this Court stayed Mrs. Norris' Petition to Appoint Successor Trustee and Authorize Payment of Expenses pending adjudicating of the estate accounting. [The Bank] indicated that it is

---

[2] This is a reference to a $450,000 loan from the Bank to Mrs. Norris which Mrs. Norris contends should be repaid from the estate. (Trial court opinion, 10/28/15 at 4.)

only involved in the trust accounting and has no role in the estate accounting.

On January 28, 2015, [Gurzell] filed a Motion to Compel Distribution for the Residuary Trust for litigation expenses. A hearing was held on January 28, 2015 that concerned the estate accounting and subpoenas issued in regards to documents from an accountant. The parties were directed to come up with a case management plan so that the Court could address the remaining issues. A subsequent hearing was held on May 27, 2015. [The Bank] indicated that [Gurzell]'s objections dealt with the estate accounting not the trust accounting. [The Bank] requested its administration adjudicated so that funds could be transferred for further administration. [Gurzell] alleged that the trust should not be transferred until the residuary trust accounting is reconciled. [The Bank] concurred on the appointment of its successor and indicated that it assumed no liability for its predecessor. [Gurzell] alleged that there were pending objections on the residuary trust accounting. This Court issued an Order removing [the Bank] as trustee and appointing Counsel Trust as successor trustee at the conclusion of the May 27, 2015 hearing.

On June 12, 2015, [the Bank] filed a Petition Seeking Confirmation of Trust Accounting and Amendment of the Court's May 27, 2015 Order Removing [the Bank] as Trustee. On June 23, 2015, Mrs. Norris filed an Answer to [the Bank]'s Petition Seeking Confirmation of Trust Accounting and Amendment of the Court's May 27, 2015 Order Removing [the Bank] as Trustee. [The Bank] also filed a Notice of Appeal to the Superior Court on June 26, 2015 before this Court could decide its

June 12, 2015 Petition.[3]   On July 1, 2015, this Court issued an Order Directing [the Bank] to File [a] Statement of Matters Complained [of] on Appeal. [The Bank] filed [its] 1925(b) statement on July 13, 2015.   A Notice of Cross-Appeal to the Superior Court was filed on July 9, 2015 by [] Gurzell [].   On July 10, 2015, this Court issued an Order Directing [Gurzell] to File [a] Statement of Matters Complained [of] on Appeal.   [Gurzell] filed [her] 1925(b) statement on July 20, 2015.   [The Bank] and [Gurzell] now appeal to the Superior Court from this Court's Order issued on May 27, 2015.

***Id.*** at 4-7.

The Bank has raised the following issues for this court's review:

A.   Did the Orphans' Court's removal of the Trustee ***sua sponte***, without a hearing, fail to comply with the requirements of 20 Pa.C.S. §§ 3183, 3184, and 7766?

B.   Did the Orphans' Court's removal of the Trustee ***sua sponte***, without a hearing, violate the consent Order dated November 25, 2013, ordering that no successor corporate trustee shall be appointed "unless all parties agree to the appointment and/or by order of court after a hearing," and the Order dated July 22, 2014, staying the appointment of a successor trustee pending the adjudication of the Trustee's accounting?

---

[3] The trial court indicates that it was inclined to amend the order of May 27, 2015, in order to allow the Bank to resign as opposed to being removed. (Trial court opinion, 10/28/15 at 15.)  An order removing a trustee is a final order proper for appellate review.  ***In re Georgiana's Estate***, 458 A.2d 989, 991 (Pa.Super. 1983), ***affirmed***, 475 A.2d 744 (Pa. 1984).  Therefore, the Bank was required to file its appeal notice within 30 days. Pa.R.A.P. 903(a).

The Bank's brief at 2.[4]

> This Court recently reaffirmed our standard of review of an Orphans' Court decree:
>
>> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.
>
> *In re Estate of Hooper*, 80 A.3d 815, 818 (Pa.Super. 2013).
>
>> When the Orphans' Court arrives at a legal conclusion based on statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Brown v. Levy*, ___ Pa. ___, 73 A.3d 514, 517 (2013).

*In re Estate of Fuller*, 87 A.3d 330, 333 (Pa.Super. 2014).

The Probate, Estates and Fiduciaries ("PEF") Code, Section 7766, "Removal of trustee," provides, in relevant part, as follows:

> **(a) Request to remove trustee; court authority.--**The settlor, a cotrustee or a beneficiary may request the court to remove a

---

[4] Gurzell raises substantially the same issues on appeal and agrees with the Bank that the trial court's order of May 27, 2015, removing the Bank as trustee, was in error.

trustee or a trustee may be removed by the court on its own initiative.

**(b)** **When court may remove trustee.--**The court may remove a trustee if it finds that removal of the trustee best serves the interests of the beneficiaries of the trust and is not inconsistent with a material purpose of the trust, a suitable cotrustee or successor trustee is available and:

(1) the trustee has committed a serious breach of trust;

(2) lack of cooperation among cotrustees substantially impairs the administration of the trust;

(3) the trustee has not effectively administered the trust because of the trustee's unfitness, unwillingness or persistent failures; or

(4) there has been a substantial change of circumstances. A corporate reorganization of an institutional trustee, including a plan of merger or consolidation, is not itself a substantial change of circumstances.

**(d)** **Procedure.--**The procedure for removal and discharge of a trustee and the effect of removal and discharge shall be the same as that set forth in sections 3183 (relating to procedure for and effect of removal) and 3184 (relating to discharge of personal representative and surety).

20 Pa.C.S.A. § 7766(a), (b) & (d).

[R]emoval of a trustee is a drastic remedy which should be employed only when clearly necessary.

> ***In Re White***, 321 Pa.Super. 102, 104, 467 A.2d
> 1148, 1150 (1983), ***rev'd. on other grounds***, 506
> Pa. 218, 484 A.2d 763 (1984).  An order removing a
> trustee will only be reversed however, if there has
> been an abuse of discretion.  ***Crawford's Estate***,
> 340 Pa. 187, 190, 16 A.2d 521, 523 (1940).

***In re Francis Edward McGillick Foundation***, 594 A.2d 322, 332

(Pa.Super. 1991), ***reversed in part on other grounds***, 642 A.2d 467 (Pa.

1994).

Section 3183 of the PEF Code provides,

> The court on its own motion may, and on the petition
> of any party in interest alleging adequate grounds for
> removal shall, order the personal representative to
> appear and show cause why he should not be
> removed, or, when necessary to protect the rights of
> creditors or parties in interest, may summarily
> remove him.  Upon removal, the court may direct
> the grant of new letters testamentary or of
> administration by the register to the person entitled
> and may, by summary attachment of the person or
> other appropriate orders, provide for the security
> and delivery of the assets of the estate, together
> with all books, accounts and papers relating thereto.
> Any personal representative summarily removed
> under the provisions of this section may apply, by
> petition, to have the decree of removal vacated and
> to be reinstated, and, if the court shall vacate the
> decree of removal and reinstate him, it shall
> thereupon make any orders which may be
> appropriate to accomplish the reinstatement.

20 Pa.C.S.A. § 3183.

Here, the first three subsections of 20 Pa.C.S.A. § 7766(b) are clearly

inapplicable.  There is no allegation that the Bank has committed a serious

breach of trust, that there is a lack of cooperation between the Bank and

Mrs. Norris as co-trustees, or that the Bank has not effectively administered the Trust. The trial court relied on Subsection (4), a substantial change of circumstances. *See In re McKinney*, 67 A.3d 824, 832 (Pa.Super. 2013) (a showing that the current trustee has administered the trust in a way that undermined or harmed the beneficiaries' interests is not needed for a no-fault removal of a trustee for a substantial change in circumstances). According to the trial court, the Bank's desire to resign as corporate trustee is, in and of itself, a "substantial change of circumstances" which permits removal. (Trial court opinion, 10/28/15 at 18.) We disagree. As explained further *infra*, there is a significant difference between discharge and removal. The PEF Code does not allow no-fault removal of a trustee anytime a trustee requests to resign.

In addition, in any trustee removal action, the plain language of the statute requires that removal best serve the interests of the beneficiaries of the trust. *In re McKinney*, 67 A.3d at 831, citing 20 Pa.C.S.A. § 7766(b). The trial court found that Mrs. Norris has been prejudiced by the delay in adjudication of the Bank's accounting. (Trial court opinion, 10/28/15 at 16-17.) According to the trial court, the Trust is "at a standstill" with no distributions able to be made to Mrs. Norris until the issue of the Bank's resignation and accounting is resolved. (*Id.* at 17.) However, the trial court acknowledges that any delay was caused by Gurzell, not the Bank. (*Id.* at 16-17.) In addition, the Bank disputes the trial court's assertion that

Mrs. Norris is not receiving distributions of income from the Trust while the matter is stayed. (The Bank's brief at 18 n.7.)

Furthermore, the trial court failed to hold a hearing on the matter as required by 20 Pa.C.S.A. § 3183, which provides that,

> The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him.

Contrary to the trial court's reference to "Mrs. Norris' request to remove [the Bank] as trustee," Mrs. Norris never petitioned for removal of the Bank. (Trial court opinion, 10/18/15 at 17.) Rather, Mrs. Norris acquiesced in the Bank's petition to resign by identifying a successor corporate trustee. The Bank was removed on the court's own motion. There is no allegation that summary removal was necessary to protect the rights of creditors or parties in interest. In fact, as stated above, the trial court relied on Section 7766's no-fault removal provision and indicated that, "this Court was inclined to amend its Order issued on May 27, 2015 in order to allow [the Bank] to resign as opposed to being removed[.]" (*Id.* at 15.) The trial court explicitly did not find any fault on behalf of the Bank as to its administration of the Trust. (*Id.* at 10.) Therefore, before it could be removed, the Bank was statutorily entitled to an evidentiary hearing. ***Matter of Estate of***

- 12 -

***Velott***, 529 A.2d 525, 527 (Pa.Super. 1987). Summary removal was inappropriate and unwarranted.

The trial court states that at the May 27, 2015 hearing, counsel were given the opportunity to present argument as to the Bank's potential removal and appointment of Counsel Trust Company as successor trustee. (Trial court opinion, 10/28/15 at 11.) However, the purpose of the May 27, 2015 hearing was to address outstanding discovery motions related to objections to the estate accounting. No witnesses were sworn and no testimony was offered on behalf of any party. The order scheduling the May 27 proceeding specifically stated that no testimony would be taken. In addition, while the parties discussed the resignation of the Bank and appointment of a successor corporate trustee, the Bank's "removal" was never discussed since no one had petitioned for its removal. The trial court failed to hold a hearing in accordance with 20 Pa.C.S.A. § 3183 before ordering the Bank's removal as trustee.

We also agree that the order ***sua sponte*** removing the Bank as trustee was contrary to at least two prior orders of court, including the November 25, 2013 consent order by Judge Blackwell specifically directing that no successor corporate trustee can be appointed without agreement of all the parties and/or by order of court after a hearing. Neither contingency had occurred in this case; the parties had not consented to appointment of a successor corporate trustee, and no hearing had been held on the issue.

The trial court states that the Bank's status has remained in limbo for nearly two years, and "This Court also highly doubts that the Honorable Judge Blackwell intended for [the Bank] to continue their involvement for nearly two years after a successor trustee was identified." (Trial court opinion, 10/28/15 at 10.) Nevertheless, the November 25, 2013 order, which has never been amended or rescinded, could not be overruled by a court of coordinate jurisdiction. *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) ("[T]his Court has long recognized that judges of coordinate jurisdiction sitting in the same case should not overrule each other['s] decisions.").

Similarly, the July 22, 2014 order stayed Mrs. Norris' Petition to Appoint Successor Trustee and Authorize Payment of Expenses pending adjudication of the Bank's trust accounting. There has never been an adjudication of the accounting. It was improper for the trial court to summarily remove the Bank as trustee without lifting the stay and holding a hearing.

Resignation and removal are not interchangeable. The trial court correctly observes that under 20 Pa.C.S.A. § 7770,[5] a successor trustee is not liable for the acts of its predecessor. (Trial court opinion, 10/28/15 at 14.) Therefore, the Bank is not liable for any acts or omissions of RBC.

---

[5] "A successor trustee shall not be personally liable for the acts or omissions of the trustee's predecessor and shall have no duty to investigate the acts or omissions of the predecessor." 20 Pa.C.S.A. § 7770.

(***Id.***)  The trial court states that, "While [the Bank's] accounting should have been adjudicated, we find no reason to further discharge [the Bank] from liability under § 3184 when § 7770 specifically states that a successor trustee shall not be personally liable."  (***Id.*** at 15.)   However, under Section 3184,[6] a trustee is discharged from all future liability, not only acts or omissions of a predecessor trustee.  By removing the Bank as a trustee under Section 7766 instead of granting its petition for resignation following an adjudication and discharge under Section 3184, the Bank was substantially prejudiced.  The removal of a trustee, even on a no-fault basis, does not shield the trustee from all future liability.  Resignation, following adjudication and discharge, shields the trustee from future liability, while removal does not.  Therefore, the distinction is crucial.  There were no grounds for removal and the Bank was entitled to an adjudication of the Trust accounting and discharge.

---

[6]     After confirmation of his final account and distribution to the parties entitled, a personal representative and his surety may be discharged by the court from future liability.  The court may discharge only the surety from future liability, allowing the personal representative to continue without surety, upon condition that no further assets shall come into the control of the personal representative until he files another bond with sufficient surety, as required by the register.

20 Pa.C.S.A. § 3184.

J. A09013/16

Order vacated. The Bank is hereby reinstated as corporate trustee. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016

- 16 -