J-A05013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KYRA ELIZABETH KNOLL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES A. KNOLL, JR. | : | |
| | : | |
| Appellant | : | No. 317 WDA 2016 |

Appeal from the Order January 27, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  FD05-008306-005

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 13, 2017**

Appellant, Charles A. Knoll, Jr. ("Husband"), appeals *pro se*[1] from the order entered in the Allegheny County Court of Common Pleas, which denied his petition for reimbursement of alimony payments.  We affirm.

The relevant facts and procedural history of this case are as follows. Husband and Appellee Kyra Elizabeth Knoll ("Wife") married on November 28, 1998.  The parties have three children together.  On June 3, 2008, Wife filed a divorce complaint seeking, *inter alia*, equitable distribution, child support, sole custody of the parties' children, alimony, alimony *pendente lite*, and counsel fees.  On April 14, 2009, the parties entered into a marital settlement agreement, memorialized by a stipulation and order of court,

_____

[1] Husband is an attorney.

regarding matters of equitable distribution, alimony, and child support ("Stipulation"). The Stipulation contained the following relevant provisions regarding alimony:

Stipulation And Order Of Court

* * *

6. Beginning May 1st, 2009, Husband shall pay alimony to Wife in the amount of $1,000.00 (One-Thousand Dollars) per month for a period of 5 years or through & including March, 2014[;]

* * *

10. In the event that Wife's wages exceed $59,999.00 gross yearly then alimony shall terminate;

11. The parties shall exchange year end wage and income information on or about January 31st of each year[;]

* * *

(Stipulation, dated April 14, 2009, at 2 ¶¶ 6, 10-11). On October 31, 2011, the court entered a divorce decree, which incorporated for enforcement purposes the April 14, 2009 Stipulation.

On May 18, 2012, Husband filed a petition to terminate alimony, arguing the language of the Stipulation mandates termination of alimony once Wife begins earning a salary of at least $60,000.00 per year. Husband claimed Wife's April 2012 paystub included year-to-date earnings of $24,022.96, projecting an annual salary of $72,068.88.

By order dated June 11, 2012 and entered June 27, 2012, the court denied Husband's petition to terminate. Specifically, the court stated:

> Husband's motion to terminate alimony is denied in that [W]ife has not yet earned $60,000.00 per year. However, [W]ife shall supply [H]usband with a pay stub which includes year to date earnings on July 1, 2012 and every three months thereafter so that [H]usband may present a motion for modification if appropriate.

(Findings of Fact, filed June 27, 2012, at 2 ¶8).

On December 11, 2015, Husband filed the current *pro se* "petition for reimbursement of improperly accepted alimony payments." Husband claimed Wife's earnings for 2014 exceeded $60,000.00 and she "fraudulently" accepted alimony for January through April 2014. Husband requested reimbursement of those payments in the amount of $4,000.00, plus costs. The court subsequently scheduled a conciliation conference for January 27, 2016.

The court held a conciliation conference on January 27, 2016. Due to the nature of the proceeding, the court did not activate the audio recording mechanism, so there is no transcript of this proceeding. Following the conference, the court denied Husband's petition for reimbursement. The court stated: "[Husband's] Petition for Reimbursement is Denied as the [Stipulation] of April 14, 2009 (and its paragraph 10) was to be applied prospectively, not retroactively, thus estopping [Husband] from this claim." (Order, filed January 28, 2016, at 1).

On February 25, 2016, Husband filed an emergency motion for reconsideration. The court denied Husband's motion on the following grounds:

1. There is nothing in the record to indicate that the parties intended any special definition of the word "terminate" to apply for purposes of interpreting Paragraph 10 of their [Stipulation] dated April 14, 2009.

2. Application of the word "terminate" with respect to [Husband's] alimony obligation under the [Stipulation] means "come to an end"; contrary to [Husband's] suggestion, it does not mean, "[Wife] becomes retroactively ineligible for alimony and must return every alimony payment she received for that calendar year."

3. Had the parties intended some broader definition of the word "terminate" to apply to their [Stipulation], they should have specified it.

(Order, filed February 25, 2016, at 1).

Husband timely filed a *pro se* notice of appeal on February 26, 2016. On June 6, 2016, the court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Husband timely complied on June 16, 2016.

Husband raises one issue for our review:

DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION AND ERR AS A MATTER OF LAW IN (ADMITTED PER THE OPINION OF THE [TRIAL] COURT) FAILING TO ACTIVATE THE COURT TRANSCRIBING/RECORDING MECHANISMS, THEREBY RESULTING IN AN INCOMPLETE RECORD AVAILABLE AND NECESSARY FOR REVIEW BY THE SUPERIOR COURT OF PENNSYLVANIA AS REQUIRED BY PA.R.A.P. 1921?

(Husband's Brief at 7).

Husband argues the court's failure to activate the recording mechanism at the conciliation conference deprived Husband of his right to meaningful and proper appellate review. Absent a transcript of the

- 4 -

proceeding, Husband asserts the Court is left to speculate about what transpired at the conference and what legal basis the trial court relied on to reach its decision. Husband suggests this Court cannot rely on the trial court's statement in its opinion that no material dispute existed about what happened at the conciliation conference, in the absence of a transcript to verify that statement. Husband suggests preparation of a "Statement in Absence of Transcript" or an "Agreed Statement of Record" under Pa.R.A.P. 1923 or 1924 would be an exercise in "utter futility" because the parties would likely be unable to agree on what transpired at the conference. Husband concludes the court erred by failing to record the conciliation conference on his petition for reimbursement, and this Court must remand for a new and recorded proceeding.[2]  We disagree.

"A settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise." *Stamerro v. Stamerro*, 889 A.2d 1251, 1258 (Pa.Super. 2005). Interpretation of a marital settlement agreement is a question of law. *Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa.Super. 2007). As a general rule: "When there are no disputed questions of fact and the issue to be decided is purely one of law or policy, a case may be disposed of without resort to an

---

[2] Notably, Husband's **sole** claim on appeal concerns the trial court's failure to record the conciliation conference. Husband does not assert substantive questions about the court's interpretation of the Stipulation.

evidentiary hearing." ***Dee-Dee Cab, Inc. v. Pennsylvania Public Utility Com'n***, 817 A.2d 593, 598 (Pa.Cmwlth. 2003), *appeal denied*, 575 Pa. 698, 836 A.2d 123 (2003).

Instantly, the trial court addressed Husband's issue as follows:

> First, [Husband] argues that this [c]ourt committed reversible error and abused its discretion by failing to activate the recording mechanism during the [c]ourt's January 27, 2016 conciliation. On December 10, 2015, [the court] issued an Order of Court which scheduled a "conciliation before newly assigned judge" on the meaning of Section 10 of the parties' [Stipulation]. The Department of Court Records' docket entry for [the] order identified the event scheduled for 9:30 a.m. on January 27, 2016 as a "hearing," probably due to the fact that it was scheduled to take place in a Family Division courtroom instead of in Chambers (as is the local custom when, as here, the parties are self-represented). However, in accordance with the text of [the December 10, 2015] Order, this [c]ourt treated the January 27, 2016 event as a conciliation instead of as a hearing, and therefore did not activate the courtroom's electronic recording device. While the [c]ourt acknowledges with hindsight that an audio recording of the proceedings might have been quite useful, there exists no material dispute as to what transpired during the conciliation, and the [c]ourt's failure to electronically record it does not constitute reversible error in the absence of any such dispute.

(Trial Court Opinion, filed July 12, 2016, at 4) (internal footnotes omitted).

We see no reason to disrupt the court's analysis. Initially, Husband cites no rule of court or other relevant authority to support his contention that the court must record conciliation conferences. ***See generally Estate of Whitley***, 50 A.3d 203 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (explaining argument portion of appellate brief must

include pertinent discussion of particular point raised along with discussion and citation of pertinent authorities; this Court will not consider merits of argument which fails to cite relevant case or statutory authority). Further, the purpose of the conciliation conference was to interpret the parties' Stipulation, which is a question of law. *See Kraisinger, supra*; *Stamerro, supra*. Significantly, Husband does not allege that any disputed questions of fact existed in this case regarding the Stipulation. Absent disputed questions of fact, the court was free to decide the legal issue of whether Husband was entitled to reimbursement of alimony payments under the Stipulation, without the necessity of an evidentiary hearing.[3] *See Dee-Dee Cab, Inc., supra*. Consequently, Appellant's claim merits no relief. Accordingly, we affirm.

Order affirmed.

_____

[3] Husband's reliance on *Estate of Wolongovich*, 489 A.2d 248 (Pa.Super. 1985) and *Mansfield v. Lopez*, 432 A.2d 1016 (Pa.Super. 1981) is misplaced, where those cases involved the removal of an estate executrix and a finding of paternity, respectively. The nature of those cases gave rise to material disputes of fact, necessitating a transcript of the underlying proceedings for meaningful appellate review. Here, Husband failed to identify any material issues of fact regarding the interpretation of the Stipulation, which were presented at the conciliation conference. Likewise, Husband failed to identify any material dispute about what took place at the conciliation conference, so we are free to rely on the trial court's statement in its opinion that there is no material dispute **about what transpired** at the conciliation conference.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017