J-A18036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TRUST UNDER AGREEMENT OF JAMES CASTELLI DATED OCTOBER 9, 1985 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DARIETTA OLIVERIO AND ANITA NAPOLI | : : : : | |
| | : | No. 1084 WDA 2021 |

Appeal from the Order Entered August 11, 2021
In the Court of Common Pleas of Washington County Orphans' Court at
No(s):  C-63-OC-2015-83

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　**FILED: NOVEMBER 22, 2022**

Darietta Oliverio and Samuel F. Napoli, Personal Representative of the Estate of Anita Castelli Napoli,[1] ("Appellants") appeal from the order denying their petition to remove AmeriServ Trust & Financial Services Company ("AmeriServ") and Nora Gieg Chatha, Esq. (collectively, "Successor Trustees") as trustees of the Trust Under Agreement of James Castelli, Dated October 9, 1985 ("Trust"). They argue, among other things, that the court erred in failing to issue a rule to show cause. They also challenge the order denying their motion for recusal of the Honorable John F. DiSalle ("Trial Judge"). We affirm in part and reverse in part.

---

[1] Anita Napoli was a party to the litigation in the trial court. While this appeal was pending, she passed away. Following her death, Samuel F. Napoli, Personal Representative of the Estates of Anita Castelli Napoli, was substituted as a party pursuant to Pennsylvania Rule of Appellate Procedure 502(a).

In 2016, Victor Castelli, Jr. ("Victor"), filed a petition to remove Anita Napoli ("Napoli") as a trustee of the Trust. He alleged, among other things, that Napoli had transferred assets from the Trust to an entity owned by Napoli and her sister, Oliverio. During the pendency of the case, after many years in which she was the sole trustee,[2] Napoli appointed Oliverio co-trustee. Victor filed a petition to declare the appointment null and void, which the trial court granted. The court held a multi-day trial on Victor's petition to remove Napoli as trustee. Victor presented the testimony of representatives of two corporate fiduciaries, AmeriServ and First Commonwealth Bank, as potential replacement trustees. N.T., Jan. 28, 30, and 31, 2020, at 59-100. On cross-examination, the AmeriServ representative testified he had reviewed the Trust and a history of the various entities involved, which he received from Victor's counsel. *Id.* at 87.

Before the final day of trial, in February 2020, Napoli resigned as trustee. At a March 5, 2020 hearing, the court and the parties discussed appointing either AmeriServ or First Commonwealth Bank as the corporate trustee. The court entered an order removing Napoli as trustee and appointing

---

[2] The terms of the Trust required "not less than two nor more than three" trustees at all times. *See* Amended Petition for Citation to Show Cause Why Anita Napoli Should Not be Removed as Trustee, Exh. A, James Castelli Trust, at Section 6.2(A) (providing Trust "shall be administered by such number, not less than two nor more than three, of Trustees as may be appointed in accordance with the provisions of this Section").

AmeriServ as co-trustee.[3] Napoli did not object. Further, at the hearing, Napoli's counsel asked the court to defer its selection of the second trustee until it could identify an appropriate member of the bar. Counsel stated he did not think the court should request lists from the parties and would prefer that the court choose a co-trustee. He stated that the court "know[s] the bar far better than [counsel does] . . . and equally as well as [Victor's counsel]." N.T., Jan. 31, 2020 and Mar. 5, 2020, at 434-35. In April 2020, the court selected Chatha to serve as co-trustee. Napoli did not object to this appointment.

Approximately six months later, in October 2020, Successor Trustees commenced a civil action against Napoli and Oliverio and several others – Sam Napoli, Castelli Brothers Company, L.P., Salem Management Company, LLC, and Super Outdoor Theaters – alleging a breach of fiduciary duties as trustee, shareholder suppression, breach of fiduciary duties to Super Outdoor Theaters and its shareholders, and unjust enrichment, and seeking an accounting and the appointment of a receiver ("Complaint"). The defendants filed preliminary objections seeking dismissal of the suit.

In July 2021, Oliverio filed a petition for rule to show cause why Successor Trustees should not be removed as trustees, and Napoli joined the

_____

[3] In the same order, the court ordered Napoli to surrender all trust assets to Successor Trustees and provide an accounting, and enjoined the spoliation and dissipation of the trust assets and the former of assets of the trust. The parties file motions to clarify and/or amend and the court issued another order in October 2020. Napoli filed an appeal of that order, docketed at No. 155 WDA 2021, which we address in a separate memorandum.

petition.[4] The petition alleged Successor Trustees had breached their fiduciary duties and were partisan actors, not independent trustees. It claimed Successor Trustees had filed a frivolous lawsuit against them "in what can only be viewed as attempted extortion and a malicious use of process." Petition for Rule to Show Cause Why AmeriServ Trust and Financial Services Company and Nora Gieg Chatha Should Not Be Removed as Trustees, filed July 21, 2021, at ¶ 9. It also alleged Victor "held AmeriServ out as his 'expert witness'" prior to its appointment. *Id.* at ¶ 5. Appellants asserted that Successor Trustees had merely parroted Victor's claims against them without conducting an independent investigation, and had put their financial interests ahead of those of the trust beneficiaries. *Id.* at ¶¶ 6-8.

In support, Appellants pointed out that in April 2019, Victor's counsel sent a letter to AmeriServ forwarding documents related to the Trust and asking AmeriServ to treat the documents as subject to attorney/client privilege and attorney/expert privilege. Rule to Show Cause at Ex. 1. They also noted that Chatha stated the Trial Judge's law clerk had called her to ask if she would consider serving as co-trustee. *Id.* at Ex. 2, Answer to Interrogatory No. 2. Chatha stated AmeriServ "casually mentioned to [her] in passing . . . a trust in Washington County on a no-name basis for which it may need counsel and did send a [request for proposals to Chatha's firm] Tucker Arensberg, P.C.," before Chatha was "independently approached by [the Trial

---

[4] Oliverio and Napoli are beneficiaries under the Trust.

Judge's] Law Clerk." *Id.* Chatha disclosed that she discussed the parties and the general nature of the matter with the clerk, as well as that her firm, Tucker Arensberg, had represented AmeriServ in other matters and had been contacted to act as potential counsel in what was likely this matter. *Id.*

The petition for a rule to show case pointed out that as of the petition's filing, the trial court had ruled in favor of Successor Trustees on all filings – a petition for approval of the retention of Tucker Arensberg, P.C. as counsel for the trustees, a motion to intervene, and objections to the accounting. Rule to Show Cause at ¶ 51-54. The petition also mentioned the civil suit, which Appellants characterized as frivolous. *Id.* at 55. Appellants' petition further pointed out that if the court grants their preliminary objections and dismisses the suit, the Trust will have no funds to pay Successor Trustees. *Id.* at ¶ 75.

Oliverio also filed a motion for recusal, which Napoli joined. The motion pointed out that the Trial Judge had appointed Successor Trustees, who filed the civil suit, and the Trial Judge's law clerk spoke with Chatha prior to her appointment. They noted that the civil suit was initially assigned to the then-president judge, but one week after the Trial Judge became president judge, he reassigned the case to himself. They claimed the court knew Successor Trustees will not be paid for their work if the Complaint is dismissed and therefore the Trial Judge "ha[d] been placed in the position of having to decide whether [Successor Trustees] will be paid for actions taken in the role that [the Trial Judge] appointed them to hold." Motion for Recusal, filed July 21, 2021, at ¶ 12. They claimed "[a]ny ruling by [the Trial Judge] in favor of

[Successor Trustees] on any of the pending matters could reasonably be viewed as a product of partiality and as such undermine public confidence in the judiciary." *Id.* at ¶ 13.

The court denied the petition for a rule to show cause and denied the motion for recusal. Appellants filed a notice of appeal. They also filed a Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal. It did not include a claim that the court had erred in denying the motion for recusal.

They raise the following issues on appeal:

> 1. Whether the [trial court] erred in refusing to issue the requested Rule to Show Cause, in denying the Removal Petition, and in doing so without holding an evidentiary hearing or argument on the merits of the Removal Petition?
>
> 2. Whether the [trial court] erred in denying the Motion for Recusal?

Appellants' Br. at 5-6 (trial court's answers omitted).

Appellants first claim the trial court erred in refusing to issue a rule to show cause, denying the removal petition, and not holding a hearing. They assert that the statute requires the court to issue a rule to show cause on "the petition of any party in interest alleging adequate grounds for removal." *Id.* at 33 (citing 20 Pa.C.S.A. § 3183). They claim the court was required to issue a rule to show cause, and the failure to do so mandates reversal.

Appellants further claim the court erred in denying the removal petition on the merits. They maintain they cited extensive evidence proving that

Successor Trustees failed to act impartially, favored the interests of one beneficiary over the others, and put their own self interests ahead of everything else. They cite as examples the filing of the allegedly frivolous Complaint, failure to disclose that Victor had retained AmeriServ as an expert in his claims against Napoli, and that Chatha had *ex parte* communications with court staff. They claim these allegations show waste and mismanagement and that the Trust's interests are in jeopardy.

The Probate, Estates and Fiduciaries Code provides that a party in interest may petition for the removal of a trustee. It further provides that where the petition "alleg[es] adequate grounds for removal," the court "shall[] order the personal representative to appear and show cause why he should not be removed[.]" 20 Pa.C.S.A. § 3183. We have noted that "without sworn testimony, we are unable to review that which is mere allegation and that which has not been subjected to the test of an evidentiary hearing and judicial determination." **Matter of Estate of Velott**, 529 A.2d 525, 527 (Pa.Super. 1987) (citation omitted).

The trial court found it did not err in not issuing a rule to show cause and denying the request to remove Successor Trustees. It explained that neither action was required because Appellants had not pleaded a sufficient basis to remove Successor Trustees. It pointed out Appellants' allegations that Successor Trustees committed a serious breach of trust, were unfit, unwilling, and failing to properly administer the trust were "based wholly on [S]uccessor [T]rustees' civil action alleging [A]ppellants' breach, and seeking an

- 7 -

accounting and the return of certain trust assets." Trial Court Opinion, filed Feb. 15, 2022, at 5. The court noted it had held several days of trial to address the allegations of breach of duty against Napoli, including hearing expert witness testimony that Napoli mishandled the trust assets. The expert concluded Napoli had breached her duties of loyalty and impartiality and her obligation to administer the trust in accordance with the trust terms. *Id.* The Court noted that Napoli's expert concurred that Napoli had engaged in self-dealing.[5] *Id.* at 7-8. It noted it could take into consideration this testimony, which made it clear Napoli engaged in self-dealing. *Id.* at 9.

The trial court concluded Appellants "may not use their status as 'beneficiaries' as a cloak of protection from having to answer for their misdeeds while acting as trustee[s]." *Id.* 10. It found Successor Trustees have a duty to preserve and protect the trust assets, including recovering assets that were misappropriated. *Id.* It concluded the claim that Successor Trustees were acting in favor of one beneficiary was unfounded, reasoning Successor Trustees are merely carrying out their responsibilities to ensure the assets are restored. *Id.* The court concluded Appellants failed to allege adequate grounds for removal that would warrant the issuance of a rule to show cause and conducting a hearing. *Id.*

---

[5] At the trial, upon questioning by the court, an expert for Napoli agreed Napoli breached her fiduciary duty by not appointing a second trustee and engaged in self-dealing, and that Appellants now own 100% of the income stream of a company in which the Trust relinquished its right to any future increase in its value. N.T., Jan. 28, 30, and 31, 2022, Vol. 2, at 414-15.

The court further found the claim that Successor Trustees should be disqualified based on an alleged conflict of interest lacked merit. The claimed conflict stemmed from the testimony of AmeriServ's representative that AmeriServ would be willing and able to serve as a successor trustee. *Id.* at 10-11. The court pointed out that the witness had been disclosed and Napoli had an opportunity to cross-examine him. *Id.* at 11. The court noted, moreover, Napoli did not object when the court appointed AmeriServ. *Id.* at 12. The court further found the claim that the court's staff's conversation with Chatha created a conflict of interest lacked merit. *Id.* It pointed out that Napoli's counsel asked it to choose a trustee, and it had its staff reach out to several qualified members of the bar. *Id.* It found nothing improper about the communications. *Id.* at 13.

We conclude the court erred in failing to issue the rule to show cause. Certainly, the court heard testimony and received evidence at trial regarding whether Napoli should be removed as trustee. Here, however, the issue is whether Successor Trustees should be removed. Although, for the reasons outlined by the trial court, Appellants may ultimately not prevail on their claims, the petition itself alleged adequate grounds for the issuance of a rule to show cause, as it claimed self-dealing and waste or mismanagement on the part of Successor Trustees. *See* 20 Pa.C.S.A. § 3182(1). Further, although Napoli did not object to the appointment of Successor Trustees when the court entered the order, Oliverio was not a party to that hearing. Moreover, that there was no objection to the appointment does not mean that no

mismanagement could later occur. We therefore vacate the order denying the rule to show cause and remand for the issuance of a rule to show cause and a hearing on the petition for removal of Successor Trustees.

In their second issue, Appellants claim the court erred in failing to recuse itself from the proceedings. Appellants waived this issue by not including it in their Rule 1925(b) statement. "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Here, Appellants' Rule 1925(b) statement did not challenge the denial of the motion for recusal. Therefore, Appellants have waived that issue on appeal.

Order denying motion for recusal affirmed. Order denying petition for a rule to show cause reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022