J-A31006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF: JOHN C. WHITEHEAD, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: KENNETH L.R. WHITEHEAD, ADMINISTRATOR D.B.N. OF THE ESTATE OF JOHN C. WHITEHEAD, DECEASED | |
| | No. 1219 EDA 2016 |

Appeal from the Decree March 14, 2016
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): O.C. 1418 DE of 2004

BEFORE: BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 18, 2017**

Kenneth L.R. Whitehead ("Kenneth"), Administrator d.b.n. of the Estate of John C. Whitehead ("Decedent"), appeals from the decree, dated March 14, 2016, that removed him as the Administrator d.b.n. of the Estate in response to the Removal Petition filed by Aaliyah Castro ("Aaliyah"), a party in interest.[1] In granting the Petition, the orphans' court determined that Kenneth "willfully fail[ed] to comply with a [c]ourt-approved Stipulation to file an account." Trial Court Opinion (TCO), 6/15/16, at 1 (unnumbered). We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In Kenneth's brief, he explains that Decedent was a member of a recording and composing duo, McFadden and Whitehead, that had apparently been quite successful. Kenneth also discusses Decedent's marital history and the fact that an IRS lien of nearly $5,000,000 exists against the estate, thus, essentially leaving it insolvent. Kenneth also emphasizes that due to the IRS lien any royalties due to the estate were paid directly to the IRS.

The orphans' court opinion provides the following background information:

> John C. Whitehead ("Decedent") died testate on May 11, 2004. The Register of Wills of the County of Philadelphia accepted the Decedent's Will for probate on June 25, 2004 and issued Letters Testamentary to Elnor Whitehead. Following objections to Elnor Whitehead's December 8, 2008 Account, the Court issued a Decree dated May 6, 2009 removing Elinor [*sic*] Whitehead as Executrix. On May 28, 2013, the Register of Wills issued Letters of Administration d.b.n. to Kenneth. On October 14, 2015, Aaliyah Castro ("Aaliyah"), a beneficiary of the Estate, filed a Petition for a Citation, directed to Kenneth, then-Administrator of the Estate, to show cause why he should not file an [A]ccount of his administration of the Estate. In a Preliminary Decree dated [o]n October 22, 2015, this Court awarded that Citation. The attorney for Aaliyah and the attorney for Kenneth then entered into a Stipulation whereby Kenneth would "file an Account and statement of the status of his administration of the Estate … within thirty (30) days of the approval of this Stipulation by the Court" and, in exchange, Kenneth would not be obligated to respond to the Petition. On December 21, 2015, this Court approved the Stipulation.
>
> Kenneth never filed an Accounting, which was due January 20, 2016, or requested an extension of time. On March 2, 2016, Aaliyah filed a Petition to Remove Kenneth as Administrator of the Estate. In a Decree dated March 14, 2016, this Court, without a hearing,[1] removed Kenneth as Administrator of the Estate. On March 24, 2016, Kenneth filed a Petition for Reconsideration, which this Court denied in a Decree dated March 30, 2016. On April 8, 2016, Kenneth filed a Petition to vacate the March 14, 2016 Decree and grant other relief, including removing Aaliyah's attorney from the case for alleged conflict of interest. Shortly thereafter, Kenneth filed a notice of appeal of the March 14, 2016 Decree to the Superior Court. In an Order dated May 9, 2016, this Court declined to address Kenneth's April 8, 2016 Petition while the appeal is pending.
>
> ----
> [1]We note that Kenneth has neither sought a hearing nor complained that he was deprived of one.

In an Order dated May 3, 2016, this Court, pursuant to Pa.R.A.P. 1925(b), ordered Kenneth to file a concise statement of the errors complained of on appeal. Kenneth timely filed and served that statement. This opinion in support of the Court's March 14, 2016 Decree, pursuant to Pa.R.A.P. 1925(a), follows. Importantly, the record reflects that Kenneth has still not filed an Account, which is now overdue by five (5) months.

TCO at 1-2 (unnumbered).

In his brief submitted to this Court, Kenneth sets forth one general question for our review: "Whether the lower court order removing [Kenneth] as administrator d.b.n. should be vacated as an abuse of discretion and a misapplication of the law[?]" Kenneth's brief at 3. More specifically, Kenneth asserts the following arguments. First, he contends that the orphans' court misapplied 20 Pa.C.S. § 3182 ("Grounds for removal") and 20 Pa.C.S. § 3183 ("Procedure for and effect of removal"). As part of this argument, Kenneth asserts that the orphans' court's factual findings are not supported by the evidence, and that a hearing must be held on a petition to remove an administrator. Second, Kenneth contends that the orphans' court failed to provide him 20 days in which to object to the Petition to remove him as the Administrator d.b.n.

Before addressing Kenneth's arguments, we note that the following guides our review of orphans' court matters:

> The standard of review is well settled and requires that we be deferential to the findings of the Orphans' Court. Specifically,
>
> > When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the

- 3 -

> Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Rich*, 139 A.3d 235, 239 (Pa. Super. 2016) (quoting *In re Estate of Miller,* 18 A.3d 1163, 1169 (Pa. Super. 2011) (*en banc*) (brackets removed) (quoting *In re Ware*, 814 A.2d 725, 731 (Pa. Super. 2002)).

More directly, we recognize that:

> "The removal of an executrix is a matter vested in the sound discretion of the trial court, and thus we will disturb such a determination only upon a finding of an abuse of that discretion." *In re Estate of Mumma,* 41 A.3d 41, 49 (Pa. Super. 2012). The grounds for removal of a personal representative are delineated in 20 Pa.C.S. § 3182. That statute allows the orphans' court to replace a personal representative when he or she "is wasting or mismanaging the estate, is or is likely to become insolvent, or <u>has failed to perform any duty imposed by law</u>" as well as "when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office." 20 Pa.C.S. § 3182(1)[,](5).

*In re Estate of Andrews*, 92 A.3d 1226, 1230 (Pa. Super. 2014) (emphasis added).

In connection with his first argument, Kenneth claims that the orphans' court accepted allegations in Aaliyah's Removal Petition as fact, namely, that Kenneth was collecting royalties and that he was "attempting to sell the Estate's valuable music rights without intending to deposit any proceeds of the sale into an Estate bank account or otherwise distribute the

net proceeds of the sale to the beneficiaries of the Estate…." Kenneth's brief at 12 (quoting Aaliyah's Petition to Remove Administrator d.b.n. Kenneth Whitehead). Kenneth also asserts that because he indicated that the will was "wrongly admitted to probate," the court inferred that Kenneth planned to ignore the will, which would have been "a serious breach of his fiduciary duty…." *Id.* at 13. Kenneth further relates that he never sought fees or any contribution from any of the heirs for his services, and that Aaliyah is the only beneficiary who does not support his efforts to administrate the Estate.

Kenneth also quotes the first sentence of 20 Pa.C.S. § 3183, which provides:

> The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall order the personal representative to appear and show cause why he should not be removed, or when necessary to protect the rights of creditors or parties in interest, may summarily remove him.

Based upon this language, Kenneth argues that a hearing must be held before the court could order his removal. He also relies on *In re Estate of Velott*, 529 A.2d 525 (Pa. Super. 1987), and *Estate of Wolongovich*, 489 A.2d 248 (Pa. Super. 1985), to support a requirement that a hearing was necessary. In other words, Kenneth contends that without a hearing, the court only could rely on allegations and had nothing upon which it could determine facts. Kenneth then reiterates the allegations from Aaliyah's Removal Petition that he claims the court relied on to order his removal. He

also contends that without a hearing, he was unable to respond. However, as noted by the orphans' court, Kenneth never requested a hearing.

Kenneth's final argument centers on a local orphans' court rule, which provides for a twenty-day response window to file objections to petitions similar to the one filed in the instant matter. He contends that in this case the court entered the decree thirteen days after the Petition was mailed, thus, leaving him without any recourse to state his objections.

The orphans' court explained the basis for Kenneth's removal, stating:

> The decision by this [c]ourt to remove Kenneth as Administrator of the Estate was not made lightly and the Court did not abuse its discretion in doing so. Per the Court-approved Stipulation that Kenneth's attorney signed on Kenneth's behalf, Kenneth had a legal obligation to file with the Court an account of his actions as Administrator of the Estate on or before January 20, 2016. *See Zampetti v. Cavanaugh*, 406 Pa. 259, 265, 176 A.2d 906, 909 (1962) (internal citation omitted) (emphasis removed) (noting that "a consent decree … binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits"). However, Kenneth did not file an account by the deadline or petition the court for additional time. When Aaliyah filed the Petition to remove Kenneth as Administrator that this Court granted, about six weeks had passed since the deadline and Kenneth had still not filed an account or requested additional time. In Kenneth's March 24, 2016 Petition for Reconsideration (which this [c]ourt evaluated as a petition for reinstatement under 20 Pa.C.S. § 3183), he claimed that "he complied by filing an accounting with the [c]ourt by the deadline" but admitted that his alleged attempt to file an account was unsuccessful and ultimately no account was accepted for filing. *See Petition for Reconsideration*, ¶ 17. Notably, in his Concise Statement of Matters Complained of on Appeal, Kenneth claims that his alleged attempt to file an account occurred "on or about January 22, 2016," even though that date is after the deadline in the Stipulation. Ultimately, the excuses and explanations in Kenneth's Petition for Reinstatement

> were unconvincing to this Court and, in any event, should have been raised before the deadline in the Stipulation.

TCO at 3-4 (footnote omitted) (unnumbered).

We agree with the orphans' court's reasoning and further note that Kenneth's reliance on **Wolongovich** and **Velott** is misplaced. In those two cases, this Court remanded for hearings to be held because "without sworn testimony, we are unable to review that which is mere allegation and that which has not been subjected to the test of an evidentiary hearing and judicial determination." **Velott**, 529 A.2d at 527 (quoting **Wolongovich**, 489 A.2d at 250). Here, the court did not rely on allegations contained in the Removal Petition; rather, it determined that Kenneth had a legal duty to comply with its Order, dated December 21, 2015, approving the parties' Stipulation that Kenneth would submit the Accounting by January 20, 2016, or request an extension of time. **See** 20 Pa.C.S. § 3182(1). This is not a situation where a hearing was required. The docket in this case evinces Kenneth's failure to perform a required duty to which he had agreed. This fact likewise did not obligate the court to wait 20 days to allow for Kenneth's response to Aaliyah's Removal Petition. In fact, the court's decree removing Kenneth from his position as Administrator d.b.n. of the Estate, which was dated March 14, 2016, was issued 54 days after Kenneth had been required to file the Accounting. Accordingly, for the reasons stated above, we conclude that the orphans' court did not abuse its discretion in removing him as the Administrator. Thus, we affirm the orphans' court's decree.

Decree affirmed.

Justice Fitzgerald joins this memorandum.

Judge Moulton concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/18/2017